MEMORANDUM **
Appellant DairyAmerica is a company engaged in the shipment of powdered milk. Appellee New York Marine and General Insurance Company (“NY Marine”) contracted with DairyAmerica to provide ocean marine cargo insurance, and appellee Crump Insurance Services d.b.a. Southern Marine & Aviation Underwriters (“Southern Marine”) was the underwriter for that insurance policy. The instant dispute involves DairyAmerica’s loss of fifty-nine loads of powdered milk stored at a warehouse in Mississippi, which occurred while a temporary insurance binder was in effect, but before the formal insurance policy from N.Y. Marine had issued.
The N.Y. Marine binder purports to cover “[ljawful goods and/or merchandise consisting principally of, but not limited to, milk powder of every kind and description and other goods incidental to the business of the assured ... and/or all other interests handled by the assured in the course of their business ... whether in transit or store or elsewhere anywhere in the world.” (Supplemental Excerpts of R. 266). However, the formal policy states: “This insurance attaches to all shipments commencing on or after August 11, 2005 and prior to October 1, 2006----” (Supplemental Excerpts of R. 224). Twenty-three of the fifty-nine lost shipments had been sent to the warehouse before the effective date of the policy, whereas the other thirty-six arrived at the warehouse after the policy’s effective date. Accordingly, the dispute centers on whether DairyAmerica’s agreement with N.Y. Marine covered the twenty-three, pre-policy-date shipments.
The district court held that the insurance binder was the controlling document *176 at the time of the loss and that industry custom controlled the interpretation of that document. In divining industry custom, the district court evaluated conflicting expert testimony submitted by the parties and ultimately granted summary judgment in favor of appellees N.Y. Marine and Southern Marine. We reverse and remand.
This court reviews a grant of summary judgment de novo. Feldman v. Allstate Ins. Co., 822 F.3d 660, 665 (9th Cir.2003). Therefore, to uphold a grant of summary judgment, this court must find that based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Additionally, this court must draw all justifiable inferences in the non-moving party’s favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The district court erred when it granted summary judgment in favor of the appellees and found that no genuine issue of material fact existed in this case. Under California law, a court must give both parties the opportunity to present extrinsic evidence as to the parties’ intent in drafting a contract. Trident Ctr. v. Conn. Gen. Life Ins. Co., 847 F.2d 564, 569 (9th Cir. 1988) (citing Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641 (1968)). Where a case involves the scope of insurance coverage, the issue of intent is resolved using extrinsic evidence of industry custom. Ermolieff v. R.K.O. Radio Pictures, 19 Cal.2d 543, 550, 122 P.2d 3 (1942).
Here, both parties presented extrinsic evidence as to custom in the marine cargo insurance industry in the form of expert testimony. The district court did not exclude appellant’s expert’s opinion, and that opinion meets the standard set forth in the Federal Rules of Evidence. See Fed. R.Evid. 702 (allowing a qualified expert to testify when “scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue”). Appellant’s expert testified as to his understanding of marine cargo insurance industry custom, which qualifies as specialized knowledge. Both parties assert that testimony on industry custom would assist the trier of fact in understanding the meaning of the policy at issue.
Accordingly, drawing all justifiable inferences in the appellant’s favor, the case would more properly be submitted to a trier of fact for adjudication, as it involves weighing the relative probative value of the experts’ opinions. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505 (holding that credibility determinations and weighing of the evidence are jury functions).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.